UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAIME MADURO                                                         CIVIL ACTION

VERSUS

N. BURL CAIN, ET AL                                                  NO. 07-281-A-M2

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, June 10, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAIME MADURO                                                                    CIVIL ACTION

VERSUS

N. BURL CAIN, ET AL                                                           NO. 07-281-A-M2

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by petitioner, Jaime Maduro ("Maduro"). The undersigned previously issued a Report and Recommendation (R. Doc. 16) relative to Maduro's petition on January 22, 2008, wherein it was recommended that such petition be dismissed with prejudice as untimely-filed.[1] In response to the undersigned's January 22, 2008 report, Maduro filed objections, wherein he contends that the undersigned's recommendation is incorrect for two reasons. First, he contends that he failed to seek a supervisory writ to the Louisiana Supreme Court on direct appeal concerning the First Circuit's affirmation of his conviction

---

[1] A copy of the January 22, 2008 report and recommendation has been attached hereto for ease of reference. In that report, the undersigned determined that Maduro's conviction and sentence became final on October 10, 2003, fourteen (14) days after the First Circuit Court of Appeals affirmed same because he did not seek a rehearing concerning that decision and did not seek a supervisory writ to the Louisiana Supreme Court on direct appeal. The undersigned further found that, although Maduro timely filed his post-conviction relief application within a year of the finality of his conviction and sentence on August 18, 2004, more than one year elapsed between the trial court's denial of that post-conviction relief application on December 17, 2004 and the petitioner's filing of a writ application to the First Circuit concerning the denial of his post-conviction relief application, which he did not file until February 17, 2006. The Court therefore concluded that well over one year of untolled time under 28 U.S.C. §2244(d) had elapsed before Maduro had even completed his state post-conviction proceedings prior to the filing of his present habeas petition on May 9, 2007, and his habeas petition should therefore be dismissed with prejudice as untimely.

1

and sentence because his appellate counsel failed to notify him of the First Circuit's decision within the time period that he could timely file a writ application with the Louisiana Supreme Court.[2]  Secondly, he contends that the undersigned "erred in her procedural statement" by stating that, "[h]is post-conviction relief application was denied by the trial court on December 17, 2004, [and he] did not seek writs from the First Circuit concerning the denial of his post-conviction relief application until February 17, 2006."  Maduro contends, in his objections, that the state trial judge did not deny his post-conviction relief application until December 17, *2005*, and that he did not receive notice of such denial until February 6, 2006, making his writ application to the First Circuit Court of Appeals concerning his post-conviction relief application, which was filed on February 17, 2006, timely.  Considering Maduro's objections, the district judge referred Maduro's habeas petition back to the undersigned for further consideration.  (R. Doc. 18).

## **LAW & ANALYSIS**

Both of the arguments asserted in Maduro's objections seek equitable tolling of the one (1) year limitations period under the Antiterrorism and Effective Death Penalty Act ("AEDPA").[3]  Equitable tolling of the 28 U.S.C. §2244(d) time-bar is permitted only "in rare

---

[2] Maduro contends he received word that the First Circuit denied his appeal when Inmate Counsel Substitute at Camp-C Legal Aid Office located the writ denial online on Westlaw.

[3] Under AEDPA, a habeas corpus petitioner must file an application for relief within the time period set forth in 28 U.S.C. § 2244(d), which provides, in part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

and exceptional circumstances" and where the petitioner has "diligently pursue[d] his §2254 relief." *Texada v. Cain*, 2008 WL 400255 (5th Cir. 2008), citing *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). The doctrine "applies principally where the plaintiff is actively misled . . . about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coker v. Quarterman*, 2008 WL 724042 (5th Cir. 2008). "[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002). It has been consistently held that the petitioner should bear the burden of proving equitable tolling in the AEDPA context. *Coker*, at *2, citing *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000)(The petitioner bears the burden of proving the factual predicates warranting equitable tolling); *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

As to the first argument asserted in Maduro's objections (*i.e.*, that the one year limitations period should be equitably tolled because Maduro's counsel failed to notify him concerning the First Circuit's affirmation of his conviction and sentence in time for him to

---

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> * * *
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1)(A) and (d)(2).

timely file a writ application with the Louisiana Supreme Court), the undersigned explained in the January 22, 2008 report that such alleged "wrongdoing" on the part of Maduro's counsel was previously addressed through a complaint that Maduro filed with the Louisiana Office of Disciplinary Counsel. That office determined that Maduro failed to carry his burden of proving ethical misconduct on his counsel's part and further determined that Maduro's rights to file a post-conviction relief application were not prejudiced by his counsel's alleged failure. Maduro has not submitted any evidence herein demonstrating that his counsel's failure to inform him of the First Circuit's decision on direct appeal was anything more than "mere attorney error" or "excusable neglect," neither of which constitute extraordinary circumstances warranting equitable tolling.[4] Specifically, Maduro has not presented any evidence that his counsel somehow "actively misled" him regarding the outcome of his appeal, thereby preventing him in some extraordinary way from asserting his rights to file a supervisory writ application with the Louisiana Supreme Court.[5]

---

[4] *See, Moore v. Cockrell*, 313 F.3d 880 (5th Cir. 2002), *cert. denied*, 538 U.S. 969, 123 S.Ct. 1768, 155 L.Ed.2d 526 (2003)(holding that an attorney's delay in notifying a petitioner of the result of his direct appeal does not warrant equitable tolling).

[5] In cases where there is an alleged delay in receiving information regarding state court rulings and the doctrine of equitable tolling has been applied, the petitioner generally must prove more than mere neglect or error on the part of his counsel in failing to inform him of the results of the state court rulings. He must also demonstrate that his counsel "actively misled" him in some way, and the petitioner must prove that he pursued his rights with "diligence and alacrity" by inquiring concerning the status of his state court filings and by diligently pursuing further relief once he received notice of the outcome of particular state court filings. For example, in *Lewis v. Cockrell*, 2002 WL 432 658 (5th Cir. 2002), a petitioner challenged a district court's dismissal of his federal habeas petition because of untimeliness. He contended that he was entitled to equitable tolling because his attorney and the state courts failed to notify him of the denials of his direct appeal and subsequent state habeas application. The Fifth Circuit found the petitioner's arguments in support of equitable tolling unpersuasive because the petitioner made no allegation that he was "actively misled" by his counsel about the

---

filing of his federal habeas petition or that some extraordinary circumstance prevented him from complying with the AEDPA limitations period. The court specifically noted that it has never held that a habeas petitioner who, represented by counsel, fails to receive timely notice of a state court's ruling should be entitled to equitable tolling as a result. The court explained that there was no evidence that the petitioner or his family members could not have called his attorney in order to learn the status of the state court rulings. Finally, the court noted that an attorney's mere negligence or ineffectiveness in failing to keep a defendant informed regarding the status of his state court proceedings constitutes "[a] garden variety claim of excusable neglect [that] does not support equitable tolling." Even though the petitioner in *Lewis* alleged that he and another inmate sent letters to his attorney and various state court clerks in an attempt to ascertain the status of his appeal and state habeas corpus application, the Fifth Circuit nevertheless found that the petitioner's "asserted delay in receiving information regarding the state court rulings [was] insufficient to meet the high standard necessary for equitable tolling."

In *Lann v. Dretke*, 2004 WL 2166257 (5th Cir. 2004), the petitioner argued that the AEDPA limitations period should be equitably tolled from the day after his state habeas relief was denied on August 31, 2000, until the Texas Court of Criminal Appeals ("CCA") notified him of the denial, allegedly on March 8, 2001. In support of his argument for equitable tolling, the petitioner relied upon purported copies of letters he allegedly wrote to the CCA between October 7, 2000 and March 7, 2001, as circumstantial evidence that he did not know of the habeas denial. The federal district court and the Fifth Circuit Court of Appeals concluded that the letters were actually originals, rather than copies, and noted that the records of the CCA did not indicate that it had ever received the letters. The Fifth Circuit therefore found that the petitioner failed to prove that he did not receive the notice of the CCA's habeas denial until March 2001, and he was not entitled to equitable tolling because he had "slept on his rights" by not filing his federal habeas petition for more than five months after he learned of the CCA's denial of habeas relief.

In *Derouselle v. Cain*, 2006 WL 1985446 (E.D.La. 2006), the Eastern District of Louisiana concluded that a petitioner was not entitled to equitable tolling where the only piece of evidence supporting his request for tolling was a certified mail receipt card bearing a postmark date (purportedly the date the petitioner was notified of the outcome of a state court filing); however, the card did not identify what was mailed on that date nor was the identity of the person who allegedly received the card explained. The court also noted that a letter the petitioner submitted into evidence, which inquired about the status of his state court filing, was different from the one that appeared in the state court record. Additionally, other status inquiry letters which the petitioner purportedly sent to the state court were never introduced into evidence. The court also found significant the fact that the petitioner waited over seven months before he corresponded with the state clerk of court to inquire about the status of his state court filing.

Furthermore, Maduro has not demonstrated that he or any of his family members followed up with his counsel or with the First Circuit Court of Appeals at any time concerning the status of his appeal and/or that Maduro was prevented in some way by his counsel or the state courts from filing a writ application with the Louisiana Supreme Court on direct appeal. Accordingly, the undersigned does not find that Maduro has met his burden of proving the factual predicates warranting equitable tolling relative to his first argument. Additionally, the undersigned agrees with the finding of the Louisiana Office of Disciplinary Counsel that Maduro's attorney's alleged failure did not prejudice Maduro from timely asserting the claims that were not raised in a writ application to the Louisiana Supreme Court on direct appeal through a timely application for post-conviction relief.

As to Maduro's second argument, the undersigned reviewed the record in this matter a second time and notes that it did not "err in [the] procedural statement," as Maduro

---

*Compare, United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002)(where the Fifth Circuit held that an allegation by a movant "that he was deceived by his attorney into believing that a timely §2255 motion had been filed on his behalf presents a 'rare and extraordinary circumstance' beyond [the movant's] control that could warrant equitable tolling" if the movant is able to come forward with evidence substantiating that allegation. The court remanded the matter to the district court for a hearing on that issue); *Vineyard v. Dretke*, 2005 WL 590432 (5th Cir. 2005)(where a habeas petitioner asserted under penalty of perjury that, on specific dates during the limitations period, his counsel "deliberately and negligently misinformed him that his PDR [i.e., petition for discretionary review] was still pending" before the Texas Court of Criminal Appeals. The petitioner also presented an affidavit and documentary evidence that his counsel subsequently misled both him and his sister into believing that counsel was going to prepare and file a 28 U.S.C. §2254 petition, further delaying the petitioner's filing of a *pro se* petition. The Fifth Circuit distinguished several of its prior decisions where equitable tolling had not been applied on the specific basis that the petitioner in *Vineyard* had asserted and proven that he was "affirmatively misinformed" by his counsel that his PDR was still pending, thereby causing the petitioner to refrain from taking matters into his own hands, and as a result, the petitioner was entitled to equitable tolling).

contends. The documents in the record reflect the following: (1) that Maduro timely filed a post-conviction relief application with the state trial court on August 18, 2004;[6] (2) that the State opposed such application on October 4, 2004; (3) that the Commissioner for the 19th Judicial District Court issued a recommendation relative to such application on November 18, 2004; (4) that Maduro filed a traverse to the Commissioner's recommendation on November 30, 2004; (5) that such application was denied by the state trial court on December 17, 2004;[7] (6) that Maduro sought writs to the First Circuit Court of Appeals relative to the denial of his post-conviction relief application on or about February 17, 2006; (7) that the First Circuit denied his writ application on May 15, 2006; (8) that Maduro sought writs to the Louisiana Supreme Court on May 30, 2006; and (9) that writ application was denied on March 23, 2007.

Maduro contends that he timely filed his writ application with the First Circuit Court of Appeals concerning the denial of his post-conviction relief application on February 17, 2006 because he did not receive notice of the trial court's denial of his post-conviction relief application until February 6, 2006. However, there is no competent evidence in the record to support that contention. The only evidence Maduro has presented in that regard is a single, original handwritten notation on the trial court's order denying his post conviction relief application, where Maduro states, "I received this notice on February 6, 2006." Such self-serving notation alone does not constitute competent evidence sufficient to carry the "high standard" of proof necessary for equitable tolling to apply. Maduro has not submitted any evidence that he and/or his family members ever sought any information from the state

---

[6] Maduro signed his post-conviction relief application on July 30, 2004.

[7] The trial court's order is file-stamped by the 19th Judicial District Court Clerk as being filed in the record on December 30, 2004.

trial court regarding the status of his post-conviction relief application from the time it was filed on August 18, 2004 until his alleged receipt of notice that it had been denied on February 6, 2006. As noted above, in cases where there is an alleged delay in receiving information regarding state court rulings, equitable tolling is typically applied only where the petitioner has pursued his rights with "diligence and alacrity" and has not slept on his rights. Furthermore, there is no allegation in this case that Maduro was actively misled by the state court concerning the timing of the trial court's decision on his post-conviction relief application.

Finally, the fact that Maduro did not have counsel during the post-conviction relief phase and/or that he did not properly calculate the time delays for seeking writs concerning his post-conviction relief application or for filing his federal habeas petition does not constitute grounds for equitable tolling. *See, Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999)(A lack of legal representation during the limitations period does not warrant equitable tolling); *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002), *cert.*, 538 U.S. 947, 123 S.Ct. 1621, 155 L.Ed.2d 489 (2003)(An erroneous interpretation of the limitations provision was not an excuse for untimely filing of a §2254 petition). Accordingly, the Court finds that Maduro is not entitled to equitable tolling of the AEDPA limitations period based upon the arguments asserted in his objections to the January 22, 2008 report and recommendation, and the undersigned's recommendation that Maduro's habeas petition should be dismissed with prejudice as untimely should therefore stand.

**RECOMMENDATION**

For the above reasons, it is recommended that the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by petitioner, Jaime Maduro, be **DISMISSED WITH PREJUDICE** as untimely-filed.

Signed in chambers in Baton Rouge, Louisiana, June 10, 2008.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

"ATTACHMENT"   UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAIME MADURO                                              CIVIL ACTION

VERSUS

N. BURL CAIN, ET AL                                       NO. 07-281-A-M2

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, January 22, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

1

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JAIME MADURO** | **CIVIL ACTION** |
| **VERSUS** | |
| **N. BURL CAIN, ET AL** | **NO. 07-281-A-M2** |

**MAGISTRATE JUDGE'S REPORT**

This matter is before the Court on the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by petitioner, Jaime Maduro ("Maduro"). The State has filed an opposition to Maduro's petition. (R. Doc. 14).

**FACTS & PROCEDURAL HISTORY**

Maduro was indicted on September 8, 2000 for second degree murder in violation of La. R.S. 14:30.1. He waived formal arraignment and pled not guilty to the charge. Following a jury trial on July 16-19, 2002, he was convicted, and he was subsequently sentenced on August 23, 2002 to life imprisonment without the benefit of parole, probation, or suspension of sentence. Maduro appealed to the First Circuit Court of Appeals, which affirmed his conviction and sentence on September 26, 2003. He did not seek a supervisory writ to the Louisiana Supreme Court concerning the First Circuit's affirmation.[8]

On August 18, 2004, Maduro filed an application for post-conviction relief, wherein he claimed that he did not receive a *Miranda* warning at the time of his arrest and that there

---

[8] Although Maduro filed a complaint with the Louisiana Office of Disciplinary Counsel, alleging that his failure to seek supervisory writs to the Louisiana Supreme Court was a result of wrongdoing on the part of his counsel, the Office of Disciplinary Counsel found that Maduro failed to carry his burden of proving same and further determined that it was clear Maduro's rights to file a post-conviction relief application were not prejudiced.

1

...
...
...

was improper reference to other crimes evidence at his trial. His post-conviction relief application was denied by the trial court on December 17, 2004. Maduro did not seek writs from the First Circuit concerning the denial of his post-conviction relief application until February 17, 2006, and such writ application was subsequently denied on May 15, 2006. He then sought writs from the Louisiana Supreme Court on May 30, 2006, and that application was denied on March 23, 2007. Maduro's present habeas petition was then filed on May 3, 2007. The State contends that Maduro's petition should be dismissed as untimely and because he failed to exhaust his state court remedies.

## **LAW & ANALYSIS**

A habeas corpus petitioner must file an application for relief within the time period set forth in 28 U.S.C. § 2244(d), which provides, in part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> * * *
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[Emphasis Added.] 28 U.S.C. §2244(d)(1)(A) and (d)(2).

In the present case, Maduro's conviction and sentence became final on October 10, 2003, fourteen (14) days after the First Circuit affirmed same because he did not seek a rehearing concerning that decision and did not seek a supervisory writ to the Louisiana

Supreme Court.  *See*, La. C.Cr.P. art. 922.  Although Maduro filed his post-conviction relief application within a year of the finality of his conviction and sentence, on August 18, 2004, more than a year elapsed between the trial court's denial of such application on December 17, 2004 and petitioner's application for writs to the First Circuit concerning the denial of his post-conviction relief application, which he did not file until February 17, 2006.  Accordingly, well over a year of untolled time under 28 U.S.C. § 2244(d) had elapsed before Maduro had even completed his state post-conviction relief proceedings prior to the filing of his present habeas petition, and such petition should therefore be dismissed with prejudice as untimely.  Because Maduro's petition can be dismissed with prejudice on that basis, there is no need for the Court to address the State's alternative argument that Maduro's petition should be dismissed without prejudice for failure to exhaust state court remedies.

## RECOMMENDATION

For the above reasons, it is recommended that the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by petitioner, Jaime Maduro, should be **DISMISSED WITH PREJUDICE** as untimely-filed.

Signed in chambers in Baton Rouge, Louisiana, January 22, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**